FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 DEC -5 PM 1: 12

GREGORY C. LANGHAM
CLERK

BY _____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. **11-CV-02779-BNB**

(To be supplied by the court)

_Bret Ingersoll_ , Plaintiff,

v.

_El Paso County Child Support Enforcement_

_Policy Studies Inc of Denver_

_Young Williams CSS Inc_ ,

_Bobbie Brown_ ,

_Family Support Registry,_

_El Paso County Dept. of Human Services_

_State of Colorado, Dept. of Labor/Unemployment_

_State of Colorado, Dept of Revenue_, Defendant(s).

(List each named defendant on a separate line.)

---

## COMPLAINT

---

(Rev. 07/06)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-02779

(To be supplied by the court)

BRET INGERSOLL , Plaintiff,

v.

MIKE HENRY, SENIOR V.P. PSI.

MARGARET LAUB, CEO, PSI.

CARLOX WALLACE , CFO, PSI.

ROB WELLS , PRESIDENT, YONG WILLIAMS

JEFF BALL, PROJECT MNG. YONG WILLIAMS

ANGELA MILLER , LEGAL TECH CSU

DANA HELRELA , LEGAL TECH. CSU

ROBIN BROWN , LEGAL TECH CSU , Defendant(s).

(List each named defendant on a separate line.)

---

## COMPLAINT

---

(Rev. 07/06)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-02779
(To be supplied by the court)

_____Bret Ingersoll_____, Plaintiff,

v.

#5 "John Doe" Legal Tech, Epaso

+1 "John Doe" Legal Tech ,

Roxy Huber, Executive Director, DMV

1 "John Doe" DMV Offical ,

Richard Bengtsson, Director, Elpaso Human Serv

Rebeca Jacobs, Administrator El Paso

Denver Police Dept. ,

1 "John Doe' DPD Officer Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

(Rev. 07/06)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _11-CV-02779_

(To be supplied by the court)

_Bret Ingersoll_ , Plaintiff,

v.

1 ' John Doe ' Denver County Judge

_Reggie Bicha_ , Exec Dir.

_Mark Levy COO/P_ , Policy Studies Inc

_____ ,

_____ ,

_____ ,

_____ ,

_____ , Defendant(s).

(List each named defendant on a separate line.)

---

## COMPLAINT

---

ADDRESSES FOR PARTIES:

- EL PASO COUNTY CHILD SUPPORT ENFORCEMENT
  - # 30 E. PIKES PEAK AVE., 2nd FLOOR
    COLORADO SPRINGS CO. 80903
    719 457-6331

- EL PASO COUNTY HUMAN SERVICES
  - FAMILY SUPPORT ADMINISTRATOR
    REBECCA JACOBS
  - DIRECTOR
    RICHARD BENGTSSON
    - 1675 W. GARDEN OF THE GODS ROAD
      COLORADO SPRINGS CO 80907
      719 - 636-0000

- MIKE HENRY, SENIOR VP OPERATIONS PSI INC.
  MARK LEVY, COO, POLICY STUDIES INC
  MARGARET LAUB, CEO. POLICY STUDIES INC.
  CARROL WALLACE, CFO POLICY STUDIES INC
  - POLICY STUDIES OF DENVERS
    1515 WYNKOOP ST. DENVER CO
    80202-1092

  - 1875 LAWRENCE ST. 1200
    DENVER CO 80202-1898
    303 297 1040

- YOUNG WILLIAMS, CHILD SUPPORT SERVICES
  - ROB WELLS, PRESIDENT, YWCSS
  - JEFF BALL, PROJECT MANAGER, EL PASO
    30 EAST. PIKES PEAK AVE. 2ND FLOOR
    COLORADO SPRINGS COLORADO 80903

- MS. BOBBIE BROWN
  505 ROYALTY PL #104
  FOUNTAIN CO. 80817

- ROXY HUBER, EXECUTIVE DIRECTOR, DEPT. OF REVENUE
  DEPT. OF MOTOR VEHICLES,
    1375 SHERMAN ST. ROOM 409
    DENVER CO 80261

- ANGELA MILLER, DANA ITERRIERA, ROBEN BROWN, AND
  5 OTHER CASEWORKERS CSE
    30 E PIKES PEAK AVE 2ND FLOOR
    COLORADO SPGS. COLO 80903

**PARTIES**

1. Plaintiff _BRET INGERSOLL_ is a citizen of _COLORADO_
who presently resides at the following address:
_HOMELESS_

2. Defendant ~~Bob Grover~~ BOI is a citizen of _____
who live(s) at or is/are located at the following address:

3. Defendant _S_ _AGENTS_ a citizen of _COLORADO_
who live(s) at or is/are located at the following address:
_30 EAST PIKES PEAK AVE. 2ND FLOOR Colo. Spgs. Colo._
(Attach a separate page, if necessary, to list additional parties.)
_80903_

**JURISDICTION**

4. Jurisdiction is asserted pursuant to following statutory authorities:
_28 USC 1343, 42 USC 2000, 1983, 1985, 18 USC 241_
_242 US Constitution, Colorado Constitution, 18 USC_
_1956, 1961, 1957_

5. Briefly state the background of your case:

1 DEFENDANTS, BOI CONSPIRE TO DEPRIVE
PLAINTIFF, BRET INGERSOLL, OF PROPERTY, IN
VIOLATION OF PLAINTIFFS RIGHTS. PLAINTIFF SUFFERED
DAMAGE THEREBY. THIS WAS DONE UNDER COLOR
OF STATE LAW, CUSTOM, OR USAGE. BY EXTORTING BY
2 THREAT HARM, MY WAGES REPEATEDLY OVER AND ABOVE
MY MONTHLY ORDER DIRECTLY FROM MY EMPLOYERS VIOLATES
THE US CONSTITUTION. THE 4TH AMENDMENT PROTECTS
PLAINTIFF FROM ANY VIOLATION CONSTITUTING A "SIEZURE" AND
14TH AMENDMENT HOLDS THE STATES TO THAT.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

3

Cause of Action

I, Bret Ingersoll, contend that the State of Colorado and "case workers" from El Paso county Child Support Enforcement division, has been illegally, unconstitutionally, and negligently, enforcing child support laws, forging copies of several Court documents, to wit a judgment, notices to withhold, and "suspension notices", with the intent to force a number of my employers to believe they must "withhold " the full judgment, even though they have sent 7 other 'copies' to 7 other employers. They have also added unemployment to this RICO conspiracy, as they also have "withheld" the full order, and Colorado Department of Motor Vehicles, for suspending my license, and Denver Police Department, and the Judge, for stealing/destroying my car. They have also interfered with my case, misrepresenting my income so as to violate my right to modify based on a 10% or more change in my income.

So now Global Exhibition Services gets a 457.00 per month "garnishment".

So now Freeman Exhibition Services gets a 457.00 per month "garnishment"

So now Brede Exhibition Services gets a 457.00 per month "garnishment"

Champion Exhibition Services gets a 457.00 per month "garnishment"

N 'th Degree gets a 457.00 per month "garnishment"

Renaissance gets a 457.00 per month "garnishment"

And unemployment gets a 457.00 per month "garnishment"

And my state and federal taxes gets a 100% "garnishment"

As I am still employed by all these employers, this has led to sometimes up to 2200.00 per month being taken from me. I requested a payment history from CSE and in the last 2 years, in all the months they took payments, they have taken 2 to 6 times my monthly order!

That my monthly child support amount of $457.00 is in violation of Colorado revised statute 14-10-115, and has been in violation of the statute since December of 2008, when I was laid off from work, as this caused more than a 10% decrease in my monthly income. A Motion to Modify the Order was denied me in violation of my right to access to the courts. I contend that this was done intentionally, so that the CSE unit could continue collecting in excess amount, in violation of law. CSE have been grossly over exaggerating my arrears, as my monthly support should be $50.00 per month when I don't make over $850.00 a month, as stated in C.R.S. 14-10-115, yet they continue to tally $457.00/month. In order to take $1600.00 over my monthly Order, I would need to be $38,000.00 in arrears, as 1/24th of my arrears, as a monthly payment in a 24 month period is the limit by law.

This has led me to lose a 1998 Chevy Suburban. I have also lost everything that I possessed that was in my house, around 20,000.00 in property.

They, CSE, issue "non-compliance" letters to another of the RICO act conspirators, the Department of Motor Vehicles, and they suspend my license, which case law proves I don't need to operate a private automobile for personal use.

This then gets broadcasted by computer to Denver Police Department, another co-conspirator, who then illegally and unconstitutionally, obstructs my right to travel "unhampered," steals my car, therefore depriving me of my Right to possess property, a 99 Honda Accord, for "driving without a license due to child support non-compliance". As I never consented to the deprivation, and I never received "just compensation," and my car is not a "public way of necessity," this is in direct violation of the Colorado Constitution.

That in March 2011, 10 payments were taken from me totaling $2100.48. That's is 9 extra payments totaling $1643.48 over an already unconstitutional amount of 457.00

That in November 2010, 12 payments were taken from me totaling $2089.00. That is 11 extra payments totaling 1632.75 over an already unconstitutional amount of 457.00.

In June 2010, 5 payments were taken from me totaling $1020.00. That is 3 extra payments totaling $563.00 over an already unconstitutional amount of 457.00.

In May 2010, 4 payments totaling $816.00 were taken from me. That's 3 payments over totaling $359.00 over an already unconstitutional amount of 457.00

In April 2010, 4 payments totaling $816.00 were taken from me. That's 3 payments over totaling $359.00 over an unconstitutional amount of 457.00.

In March 2010, 8 payments totaling $1478.00 were taken from me. That's 7 payments over totaling $1021.00 over an unconstitutional amount of 457.00.

In February 2010, 5 payments totaling $816.00 were taken from me. That's 4 payments over totaling $359.00 over an already unconstitutional amount of 457.00.

I contend that 40 payments totaling $5937.23 was taken from me in violation of the U.S. Constitution, and money laundering statute 18 USC 1956, money laundering, which they used my daughter, Josie Ingersoll's, name to conceal the fact that the money was illegitimately stolen in the name of Child Support, and that the use of threats and forged court documents to my employers has allowed them to continue this scheme for over 2 years. 18 USC 241 and 242 protect plaintiff from these violations of the Constitution.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

4

Bobbie Brown has denied Plaintiff's right to "the companionship, care, custody, management of his or her children," and it "is an interest far more precious " than any property Right. May v Anderson, 345 U.S. 528, 533, 97 L. Ed. 1221, 73 S.Ct. 840, 843(1952). She has been doing this for 10 years. I have just recently got in contact with Josie Ingersoll again. I would ask that she(Bobbie Brown) be severed from the case as soon as she agree's to quit Depriving Plaintiff of these Rights, and that no harm to her or her property commence as a result of the actions of State Actors and their crimes. This is not an attack on Bobbie Brown, and she is enjoined as a party till this court orders her to uphold my Constitutional Rights as a father. Only Josie Ingersoll has any right to deny me that and only she has any say in what she wants to do. No Court, except in circumstances of abuse or some other actual harm, has any ability to interfere unreasonably upon my private relationship with my daughter. I have been contacted by Josie Ingersoll, but Bobbie Brown has since found out about her speaking with me and has once again Deprived Plaintiff of his Rights as a father.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

If I was to photocopy my payroll check, eight times, then pass them off at 8 banks, I would be charged and sent to prison. If I used mail fraud, and wire fraud to defraud some one of their money, especially through threats and coercion, I would be sent to prison. If I sent armed men to stop, and in an act of piracy, use armed and deadly force to relieve that some one of their car, I would be sent to prison. If I was to conceal the money that I extorted in accounts that appeared "lawful," in names other than mine with the intent to further the "enterprise, or object of some criminal conspiracy," I would be charged and/or fined $500,000.00, Per transaction. This is what the law, as it applies to me, would exact if it was me that committed these crimes. As I am entitled to equal protection of the law, and the other corporations and individual defendants have the same right to be parties, sue and be sued, and even sovereign immunity is waived / equalized in the face of unconstitutional acts, I am making this claim in the amount of $21,000,000.00, Per party, to redress these serious deprivations of my civil rights and to cover damages and expenses, and to provide equitable relief. I also pray for visitation to be ordered upon defendant Bobbie Brown, if Josie Ingersoll so wishes, so that I may rebuild some kind of relationship with my daughter. I shall leave that up to Josie's discretion.

# REQUEST FOR RELIEF

Plaintiff requests the following relief:

Date: _12/ 6 / 11_

_Bob Signewll_
(Plaintiff's Original Signature)

_510  TEJON S._
(Street Address)

_DENVER  C&O_
(City, State, ZIP)

_720  675-1792_
(Telephone Number)

Conform and
to CSE Unit
Legal

District Court, El Paso County, Colorado

Court Address: 270 South Tejon, Colorado Springs, CO 80903

In Re The Marriage Of:

Bret Ingersoll,          Petitioner,

and

Bobbie L. R. Brown-Pettitjean,       Respondent.

FILED IN THE DISTRICT AND
COUNTY COURTS OF
EL PASO COUNTY, COLORADO

MAY 3 2 2008

M.V. PERRY
CLERK OF COURT

▲ COURT USE ONLY ▲

| Attorney or Party Without Attorney: | Case Number: 01DR3776 |
|---|---|
| Name:    Donald Belveal (#15861)<br>        Christina K. Eigel (#26334)<br>        Tracy Rumans (#34218)<br>        The Law Offices of Belveal Eigel & Rumans, LLC<br>Address: PO Box 1381, Colorado Springs, CO 80901-1381<br>        Attorney for the El Paso County CSE Unit<br>Phone Number: (719) 457-6331     E-mail:<br>Atty. Reg.#: See Above | Division:    N/CS<br>Courtroom:<br><br>IVD Case Number:<br>21-204344-00-2A |

## ORDER

**THIS MATTER** came before the Court on March 26, 2008, for a hearing regarding the issues of modification of child support. Present were Tracy Rumans, Attorney for the El Paso County Child Support Enforcement Unit, Petitioner pro se, and Respondent present with counsel, H. Evan Fields. The Court upon being advised in the premises,

### FINDS THAT:

1. The Court has jurisdiction over the subject matter and personal jurisdiction over all parties.

2. Petitioner is capable of making current and future child support payments.

3. Petitioner is presently under Court order to pay $75.00 per month as support for the minor child of this action. The Court finds that a substantial and continuing change of circumstances has occurred resulting in a 10 % or more change from the existing Court order. A modification of the child support order is therefore appropriate.

4. The Court finds that the financial circumstances of the parties are as reflected on the attached child support worksheet.


Orders

5. Petitioner has medical or medical and dental insurance available through a present employer or a private carrier.

**THE COURT THEREFORE ORDERS THAT:**

6. Petitioner shall pay the sum of $457.00 per month as current child support, said payments to commence February 1, 2008 and to continue on the 1st day of every month thereafter until said child reaches the age of 19 years or until further order of the Court.

Child for whom support is ordered:
Name: Josie Marie Ingersoll, DOB: 11/15/1996
Social Security Number: 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

INFORMATION REGARDING OBLIGEE:
Name:                        Bobbie L.R. Brown
Mailing Address:             10925 Sunrise Road
                             Fountain, CO 80817 5323
Residential Address:         Same as above
DOB:                         04/08/1977
Social Security Number:      118 72 6274

INFORMATION REGARDING OBLIGOR:
Name:                        Bret D. Ingersoll
Mailing Address:             1996 Akron Street, Apt. 1
                             Aurora, CO 80010 1742
Residential Address:         Same as above
DOB:                         11/09/1975
Social Security Number:      521 57 9604

Any party may request that the Court modify this child support order if said party believes that there is a substantial and continuing change in circumstances sufficient to justify a modification of the Court order.

7. All payments shall be made payable to the Family Support Registry, P.O. Box 2171, Denver, CO 80201-2171. The obligor's payment must include the obligor's name and FSR number to identify such payment. The obligor's FSR number is **4035275**. **No credit will be given for payments made in any other manner.**

8. Pursuant to C.R.S. 14-14-111.5 (2)(f), child support, maintenance, child support when combined with maintenance, child support arrears, or child support debt shall be deducted and withheld from the income of the Obligor.

9. Pursuant to C.R.S. 14-10-115 (13.5)(a), Petitioner is ordered to provide medical or medical and dental insurance for the minor child so long as said insurance is available through an insurance policy available through an employer or through a private carrier.

| Court Case Id | 08041-1-2001DR-003776 | | | FSR Account No. | 04035275 | |
|---|---|---|---|---|---|---|
| Obligor | Bret Ingersoll | | | FSR Transition | 2/25/05 | |
| | | | | Enf CSE Case | | |

| Colorado Receipt Date | Initial Receipt Date | Check No. | Amount | | Origin | Adjustment | Obligee |
|---|---|---|---|---|---|---|---|
| 4/16/11 | N/A | Electronic | $62.00 | | STATE | | Bobbie Brown |
| 3/31/11 | N/A | Electronic | $225.00 | | STATE | | Bobbie Brown |
| 3/31/11 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/31/11 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/31/11 | N/A | Electronic | $112.00 | | STATE | | Bobbie Brown |
| 3/31/11 | N/A | Electronic | $143.00 | | STATE | | Bobbie Brown |
| 3/29/11 | N/A | Electronic | $258.00 | | STATE | | Bobbie Brown |
| 3/27/11 | N/A | Electronic | $200.00 | | STATE | | Bobbie Brown |
| 3/24/11 | N/A | Electronic | $600.00 | | STATE | | Bobbie Brown |
| 3/15/11 | N/A | Electronic | $94.86 | | FA TRANS | | Bobbie Brown |
| 3/11/11 | N/A | Electronic | $59.62 | | FA TRANS | | Bobbie Brown |
| 11/29/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/29/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/24/10 | N/A | Electronic | $33.29 | | FA TRANS | | Bobbie Brown |
| 11/24/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/24/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/24/10 | N/A | Electronic | $94.00 | | STATE | | Bobbie Brown |
| 11/24/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/23/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/23/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/23/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/23/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 11/5/10 | N/A | Electronic | $126.46 | | FA TRANS | | Bobbie Brown |
| 10/29/10 | N/A | Electronic | $33.28 | | FA TRANS | | Bobbie Brown |
| 10/25/10 | N/A | Electronic | $126.46 | | FA TRANS | | Bobbie Brown |
| 6/30/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 6/16/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 6/16/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 6/2/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 6/2/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 5/20/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 5/20/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 5/4/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 5/4/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 4/19/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 4/19/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |

THIS DOCUMENT IS A TRUE AND ACCURATE COPY OF THE PAYMENT RECORD MAINTAINED BY THE FAMILY SUPPORT REGISTRY FOR THE LISTED SUPPORT ORDER AS OF 4/25/11. PAYMENTS ON THIS RECORD MAY ALSO APPEAR ON PAYMENT RECORDS FROM OTHER CASES. THIS PAYMENT RECORD IS ADMISSIBLE AS EVIDENCE IN A COURT PROCEEDING AS PROOF OF PAYMENTS MADE THROUGH THE FAMILY SUPPORT REGISTRY PURSUANT TO SECTION 26-13-114 AND SECTION 14-14-110, C.R.S.

| Family Support Registry | | | | | | 4/25/11 |
|---|---|---|---|---|---|---|
| Automated Child Support Enforcement System | | | | | | 7:48 AM |
| Court Case Id | 08041-1-2001DR-003776 | | | FSR Account No. | 04035275 | |
| Obligor | Bret Ingersoll | | | FSR Transition | 2/25/05 | |
| | | | | Enf CSE Case | | |

| Colorado Receipt Date | Initial Receipt Date | Check No. | Amount | | Origin | Adjustment | Obligee |
|---|---|---|---|---|---|---|---|
| 4/5/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 4/5/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/24/10 | N/A | Electronic | $64.00 | | STATE | | Bobbie Brown |
| 3/29/10 | N/A | Electronic | $190.00 | | STATE | | Bobbie Brown |
| 3/29/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/29/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/15/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/15/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/1/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 3/1/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 2/19/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 2/19/10 | N/A | Electronic | $108.00 | | STATE | | Bobbie Brown |
| 2/19/10 | N/A | Electronic | $204.00 | | STATE | | Bobbie Brown |
| 2/14/10 | N/A | Electronic | $200.00 | | STATE | | Bobbie Brown |
| 2/11/10 | N/A | Electronic | $100.00 | | STATE | | Bobbie Brown |
| 12/20/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 12/6/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 11/22/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 11/8/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 10/25/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 10/11/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 9/27/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 9/13/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 8/30/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 8/16/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 8/2/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 7/30/09 | N/A | Electronic | $90.48 | | STATE | | Bobbie Brown |
| 7/19/09 | N/A | Electronic | $127.00 | | STATE | | Bobbie Brown |
| 7/5/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 6/21/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 6/7/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 5/24/09 | N/A | Electronic | $254.00 | | STATE | | Bobbie Brown |
| 5/12/09 | N/A | Electronic | $191.00 | | STATE | | Bobbie Brown |
| 5/1/09 | N/A | Electronic | $95.00 | | STATE | | Bobbie Brown |
| 4/26/09 | N/A | Electronic | $95.00 | | STATE | | Bobbie Brown |
| 4/13/09 | N/A | Electronic | $190.00 | | STATE | | Bobbie Brown |

THIS DOCUMENT IS A TRUE AND ACCURATE COPY OF THE PAYMENT RECORD MAINTAINED BY THE FAMILY SUPPORT REGISTRY FOR THE INDICATED SUPPORT ORDER AS OF 4/25/11. PAYMENTS ON THIS RECORD MAY ALSO APPEAR ON PAYMENT RECORDS FROM OTHER AGENCIES. THIS PAYMENT RECORD IS ADMISSIBLE AS EVIDENCE IN A COURT PROCEEDING AS PROOF OF PAYMENTS MADE THROUGH THE FAMILY SUPPORT REGISTRY PURSUANT TO SECTION 26-13-114 AND SECTION 14-14-110, C.R.S.

| Family Support Registry | | | | | | 4/25/11 |
| Automated Child Support Enforcement System | | | | | | 7:48 AM |

| Court Case Id | 08041-1-2001DR-003776 | | | FSR Account No. | 04035275 | |
| Obligor | Bret Ingersoll | | | FSR Transition | 2/25/05 | |
| | | | | Enf CSE Case | | |

| Colorado Receipt Date | Initial Receipt Date | Check No. | Amount | Origin | Adjustment | Obligee |
|---|---|---|---|---|---|---|
| 3/29/09 | N/A | Electronic | $190.00 | STATE | | Bobbie Brown |
| 3/16/09 | N/A | Electronic | $190.00 | STATE | | Bobbie Brown |
| 3/5/09 | N/A | Electronic | $665.00 | STATE | | Bobbie Brown |
| 1/5/09 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 12/29/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 12/19/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 12/12/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 12/5/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 11/21/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 11/14/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 11/7/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 10/31/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 10/24/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 10/17/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 10/10/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 10/3/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 9/26/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 9/19/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 9/12/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 9/5/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 8/29/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 8/22/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 8/15/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 8/8/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 8/1/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 7/25/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 7/18/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 7/10/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 7/7/08 | N/A | Electronic | $111.24 | FA TRANS | | Bobbie Brown |
| 6/27/08 | N/A | Electronic | $126.47 | FA TRANS | | Bobbie Brown |
| 6/20/08 | N/A | Electronic | $126.47 | FA TRANS | | Bobbie Brown |
| 6/13/08 | N/A | Electronic | $126.47 | FA TRANS | | Bobbie Brown |
| 6/6/08 | N/A | Electronic | $126.47 | FA TRANS | | Bobbie Brown |
| 5/30/08 | N/A | Electronic | $126.47 | FA TRANS | | Bobbie Brown |
| 5/15/08 | N/A | Electronic | $708.05 | STATE | | Bobbie Brown |
| 4/21/08 | N/A | 32532459 | $100.00 | FA TRANS | | Bobbie Brown |

THIS DOCUMENT IS A TRUE AND ACCURATE COPY OF THE PAYMENT RECORD MAINTAINED BY THE FAMILY SUPPORT REGISTRY FOR THE INDICATED SUPPORT ORDER AS OF 4/25/11. PAYMENTS ON THIS RECORD MAY ALSO APPEAR ON PAYMENT RECORDS FROM OTHER AGENCIES. THIS PAYMENT RECORD IS ADMISSIBLE AS EVIDENCE IN A COURT PROCEEDING AS PROOF OF PAYMENTS MADE THROUGH THE FAMILY SUPPORT REGISTRY PURSUANT TO SECTION 26-13-114 AND SECTION 14-14-110, C.R.S.

| Court Case Id | 08041-1-2001DR-003776 | | FSR Account No. | 04035275 |
|---|---|---|---|---|
| Obligor | Bret Ingersoll | | FSR Transition | 2/25/05 |
| | | | Enf CSE Case | |

| Colorado Receipt Date | Initial Receipt Date | Check No. | Amount | | Origin | Adjustment | Obligee |
|---|---|---|---|---|---|---|---|
| 4/9/08 | N/A | 00172146 | $100.00 | | FA TRANS | | Bobbie Brown |
| 4/8/08 | N/A | Electronic | $136.30 | | STATE | | Bobbie Brown |
| 3/10/08 | N/A | 40114965 | $100.00 | | FA TRANS | | Bobbie Brown |
| 2/9/08 | N/A | 74611738 | $100.00 | | FA TRANS | | Bobbie Brown |
| 1/16/08 | N/A | 00087001 | $200.00 | | FA TRANS | | Bobbie Brown |
| 11/3/07 | N/A | 00171530 | $100.00 | | FA TRANS | | Bobbie Brown |
| 9/29/07 | N/A | 37548258 | $100.00 | | FA TRANS | | Bobbie Brown |
| 9/5/07 | N/A | 35956338 | $100.00 | | FA TRANS | | Bobbie Brown |
| 8/14/07 | N/A | 40228100 | $100.00 | | FA TRANS | | Bobbie Brown |
| 1/10/06 | N/A | 00005554 | $155.00 | | FA TRANS | | Bobbie Brown |
| 10/7/05 | N/A | 00016096 | $93.75 | | FA TRANS | | Bobbie Brown |
| 9/12/05 | N/A | 00015959 | $125.00 | | FA TRANS | | Bobbie Brown |
| 8/5/05 | N/A | 00015773 | $125.00 | | FA TRANS | | Bobbie Brown |
| 7/11/05 | N/A | 00015657 | $125.00 | | FA TRANS | | Bobbie Brown |
| 6/6/05 | N/A | 00015481 | $125.00 | | FA TRANS | | Bobbie Brown |
| 5/2/05 | N/A | 00015297 | $200.00 | | FA TRANS | | Bobbie Brown |

THIS DOCUMENT IS A TRUE AND ACCURATE COPY OF THE PAYMENT RECORD MAINTAINED BY THE FAMILY SUPPORT REGISTRY FOR THE INDICATED SUPPORT ORDER AS OF 4/25/11. PAYMENTS ON THIS RECORD MAY ALSO APPEAR ON PAYMENT RECORDS FROM OTHER AGENCIES. THIS PAYMENT RECORD IS ADMISSIBLE AS EVIDENCE IN A COURT PROCEEDING AS PROOF OF PAYMENTS MADE THROUGH THE FAMILY SUPPORT REGISTRY PURSUANT TO SECTION 26-13-114 AND SECTION 14-14-110, C.R.S.

| Family Support Registry | | | | 4/25/11 |
|---|---|---|---|---|
| Automated Child Support Enforcement System | | | | 7:48 AM |
| Court Case Id | 08041-1-2001DR-003776 | | FSR Account No. | 04035275 |
| Obligor | Bret Ingersoll | | FSR Transition | 2/25/05 |
| | | | Enf CSE Case | |

## Total Amounts

| Total Amount paid | $21,319.14 |
|---|---|
| Total Credit for Fee retained by Other State | $0.00 |
| Total Amount returned to Obligor | (-)$0.00 |
| Total Credited to Account | $21,319.14 |

## Explanation of codes used on this report

Origin - how did we receive a payment

| FA TRANS | Paid to FSR (Family Support Registry) | OTC TRANS | Paid to a Child Support Agency |
|---|---|---|---|
| STATE | State Agency | NIVD PAYMENT | Paid to FSR (Family Support Registry) |
| Ret Othr State | Other State Fee | Rtn Obligor | Returned to obligor |

THIS DOCUMENT IS A TRUE AND ACCURATE COPY OF THE PAYMENT RECORD MAINTAINED BY THE FAMILY SUPPORT REGISTRY FOR THE INDICATED SUPPORT ORDER AS OF 4/25/11. PAYMENTS ON THIS RECORD MAY ALSO APPEAR ON PAYMENT RECORDS FROM OTHER AGENCIES. THIS PAYMENT RECORD IS ADMISSIBLE AS EVIDENCE IN A COURT PROCEEDING AS PROOF OF PAYMENTS MADE THROUGH THE FAMILY SUPPORT REGISTRY PURSUANT TO SECTION 26-13-114 AND SECTION 14-14-110, C.R.S.

# INCOME WITHHOLDING FOR SUPPORT

☒ ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)   ☐ AMENDED IWO
☐ ONE-TIME ORDER/NOTICE - LUMP SUM PAYMENT
☐ TERMINATION of IWO

Date:  05/26/2010

☒ Child Support Enforcement (CSE) Agency   ☐ Court   ☐ Attorney   ☐ Private Individual/Entity (Check One)

**NOTE:** If you receive this document from someone other than a State or Tribal Child Support Enforcement agency or a court, a copy of the underlying order that contains a provision authorizing income withholding must be attached. If it is not under State law an attorney in that State, or if under Tribal law a Tribal legal representative, may issue an income withholding order, the attorney or Tribal legal representative must include a copy of the State or Tribal law authorizing the attorney or Tribal legal representative to issue an income withholding order.

State/Tribe/Territory    COLORADO
City/County/Dist./Tribe    EL PASO
Private Individual/Entity

Case Identifier    21-204344-00-2A
Order Identifier    0804110TDR003776

RE:    INGERSOLL, BRET D
Employee/Obligor's Name (Last, First, MI)
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
Employee/Obligor's Social Security Number (If known)
BROWN, BOBBIE L
Custodial Party/Obligee's Name (Last, First, MI)

RECEIVED JUN 01 REC'D

THE FREEMAN COMPANIES
Employer/Income Withholder's Name
ATTN PAYROLL
Employer/Income Withholder's Address
PO BOX 660613
DALLAS, TX 75266-0613
27-0073479
Employer/Income Withholder's Federal EIN

Child's Name (Last, First, MI)    Child's Birth Date
INGERSOLL, JOSIE    11/15/1996

EE  92244
Status  LV
Wrk St  CO
Lst Ck Date  5/24/10
DED  05.500
Remarks 40.00.364

---

**ORDER INFORMATION:** This document is based on the support or withholding order from  COLORADO . You are required by law to deduct these amounts from the employee/obligor's income until further notice.

$  457.00  Per  Month  current child support
$  91.00  Per  Month  past-due child support - Arrears greater than 12 weeks?  ☒ yes  ☐ no
$ _____ Per _____ current cash medical support
$ _____ Per _____ past-due cash medical support
$ _____ Per _____ current spousal support
$ _____ Per _____ past-due spousal support
$ _____ Per _____ other (must specify) _____
for a total of $  548.00  per  Month .

**AMOUNTS TO WITHHOLD:** You do not have to vary your pay cycle to be in compliance with the *Order Information.* If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$  126.46  per weekly pay period         $  274.00  per semimonthly pay period (twice a month)
$  252.92  per biweekly pay period (every two weeks)   $  548.00  per monthly pay period
$ _____ ONE-TIME LUMP SUM PAYMENT  Do not stop any existing IWO unless you receive a termination order.

**REMITTANCE INFORMATION:** If the employee/obligor's principal place of employment is  COLORADO , you must begin withholding no later than the first pay period that occurs  14  days after the date of  05/26/2010 .
Send payment within  7  working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to  65  % of disposable income for all orders. If the employee/obligor's principal place of employment is not  COLORADO , see the ADDITIONAL INFORMATION FOR EMPLOYERS AND OTHER INCOME WITHHOLDERS for limitations on withholding applicable time requirements and any allowable employer's fees.

to be forwarded to the payee below.

For EFT/EDI instructions, contact the EFT/EDI office at the website listed below. **If paying by check, make check payable to:** FAMILY SUPPORT REGISTRY

payment: ___04035275___ **Send check to:** ___Include this *Remittance Identifier* with___

P.O. BOX 2171, DENVER, CO 80201-2171 ___FAMILY SUPPORT REGISTRY___

**FIPS code (if necessary):** ___

Signature (if required by State of Tribal law): ___

Print Name: ___DANA HERRERA___

Title of Issuing Official: ___Legal Technician/Paralegal___

[X] If checked, you are required to provide a copy of this form to the employee/obligor. If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy must be provided to the employee/obligor even if the box is not checked.

## ADDITIONAL INFORMATION FOR EMPLOYERS AND OTHER INCOME WITHHOLDERS

State-specific information may be viewed on the OCSE Employer Services website located at: http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts.htm

**Priority:** Withholding for support has priority over any other legal process under State law (or Tribal law if applicable) against the same income. If a Federal tax levy is in effect, please notify the contact person listed below.

**Combining Payments:** You may combine withheld amounts from more than one employee/obligor's income in a single payment to each agency/party requesting withholding. You must, however, separately identify the portion of the single payment that is attributable to each employee/obligor.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment with respect to the time periods within which you must implement the withholding and forward the support payments.

**Employee/Obligor with Multiple Support Withholdings:** If there is more than one Order/Notice against this employee/obligor and you are unable to fully honor all support Orders/Notices due to federal, State, or Tribal withholding limits, you must follow the State or Tribal law/procedure of the employee/obligor's principal place of employment. You must honor all Orders/Notices to the greatest extent possible, giving priority to current support before payment of any past-due support.

**Lump Sum Payments:** You may be required to report and withhold from lump sum payments such as bonuses, commissions, or severance pay. Contact the agency or person listed below to determine if you are required to withhold or if you have any questions about lump sum payments.

**Liability:** If you have any doubts about the validity of the Order/Notice, contact the agency or person listed below. If you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and any other penalties set by State or Tribal law/procedure.

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of a child support withholding.

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 16/73(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment. Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes; Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, that 50% limit is increased to 55% and that 60% limit is increased to 65% if the arrears are greater than 12 weeks. If permitted by the State, you may deduct a fee for administrative costs. The support amount and the fee may not exceed the limit indicated in this section.

CSE832A Document Tracking Identifier 1005255531

THE FREEMAN COMPANIES

OMB0970-0154 OMB Expiration Date - 10/31/2010. The OMB Expiration Date has no bearing on the termination date or validity of the income withholding order; it identifies the version of the form currently in use.

IV-D Enforcing Tech Number: 213400

Employee/Obligor's Name: INGERSOLL, BRET D     Case Identifier: 21-204344-00-2A

Order Identifier: 0804110101DH0093776     Employer's Name: THE FREEMAN COMPANIES

**Arrears greater than 12 weeks?** If the *Order Information* does not indicate whether the arrears are greater than 12 weeks, then the employer should calculate the CCPA limit using the lower percentage.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers who receive a state order, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State law, you may need to take into consideration the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Additional Information:**

NOTICE: Pursuant to 14-14-111.5 (4) (m) C.R.S., a fraudulent submission of a Notice to Withhold Income for Support shall subject the person submitting the Notice to an employer, trustee, or other payor of funds to a fine or not less than one thousand dollars and court costs and attorney fees.

**NOTIFICATION OF TERMINATION OF EMPLOYMENT:** You must promptly notify the Child Support Enforcement agency and/or the person listed below by returning this form to the correspondence address if:

☐ This person has never worked for this employer.
☐ This person no longer works for this employer.

Please provide the following information for the terminated employee:

Termination date: _____    Last known phone number: _____

Last known home address: _____

_____

Date final payment made to the State Disbursement Unit or Tribal CSE Agency: _____

Final payment amount: _____    New employer's name: _____

New employer's address: _____

_____

**CONTACT INFORMATION**

**To employer:** If the employer/income withholder has any questions, contact  DANA HERRERA

_____ by phone at  (719) 457-6331  , by fax at  (719) 457-6340  , by email or website at:

DHERRERA@POLICY-STUDIES.COM

Send termination notice and other correspondence to:

EL PASO COUNTY CHILD SUPPORT ENFORCEMENT UNIT

30 EAST PIKES PK AVE, STE 203, COLORADO SPGS, CO 80903

**To employee/obligor:** If the employee/obligor has questions, contact  DANA HERRERA

_____ by phone at  (719) 457-6331  , by fax  (719) 457-6340  , by email or website at

DHERRERA@POLICY-STUDIES.COM

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor.

## CERTIFICATE OF DELIVERY

I certify that a true and correct copy of the foregoing ORIGINAL Income Withholding Order/Notice for Support was placed in the United States Mail/electronic transmission on 06/26/2010 to the following:

THE FREEMAN COMPANIES
ATTN PAYROLL
PO BOX 660613
DALLAS, TX 75266-0613

# INCOME WITHHOLDING FOR SUPPORT

[X] **ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)** [ ] **AMENDED IW**
[ ] **ONE-TIME ORDER/NOTICE - LUMP SUM PAYMENT**
[ ] **TERMINATION of IWO**

Date: __04/12/2011__

[X] Child Support Enforcement (CSE)Agency [ ] Court [ ] Attorney [ ] Private Individual/Entity (Check Or

**NOTE:** If you receive this document from someone other than a State or Tribal Child Support Enforcement agency or a    al
a copy of the underlying order that contains a provision authorizing income withholding must be attached. Or if under State law
an attorney in that State, or if under Tribal law a Tribal legal representative, may issue an income withholding order, the
attorney or Tribal legal representative must include a copy of the State or Tribal law authorizing the attorney or Tribal legal
representative to issue an income withholding order.

State/Tribe/Territory __COLORADO__          Case Identifier __21-204344-00-2A__
City/County/Dist./Tribe __EL PASO__          Order Identifier __08041101DR003776__
Private Individual/Entity _____

__BREDE-COLORADO INC__          RE: __INGERSOLL, BRET D__
Employer/Income Withholder's Name          Employee/Obligor's Name (Last, First, MI)
__5140 COLORADO BLVD__          __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__
Employer/Income Withholder's Address          Employee/Obligor's Social Security Number (if known)
          __BROWN, BOBBIE L__
__DENVER, CO 80216-3120__          Custodial Party/Obligee's Name (Last, First, MI)
__84-1182654__
Employer/Income Withholder's Federal EIN

Child's Name (Last, First, MI)          Child's Birth Date
__INGERSOLL, JOSIE__          __11/15/1996__

**ORDER INFORMATION:** This document is based on the support or withholding order from __COLORADO__.
You are required by law to deduct these amounts from the employee/obligor's income until further notice.

$_____457.00__ Per ____Month____ current child support
$_____0.00__ Per ____Month____ past-due child support - Arrears greater than 12 weeks? [X] yes [ ] no
$_____ Per _____ current cash medical support
$_____ Per _____ past-due cash medical support
$_____ Per _____ current spousal support
$_____ Per _____ past-due spousal support
$_____ Per _____ other (must specify)_____
for a total of $____457.00__ per ____Month____ to be forwarded to the payee below.

**AMOUNTS TO WITHHOLD:** You do not have to vary your pay cycle to be in compliance with the *Order Information*. If
your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$____105.46__ per weekly pay period          $____228.50__ per semimonthly pay period (twice a month)
$____210.92__ per biweekly pay period (every two weeks) $____457.00__ per monthly pay period

$_____ **ONE-TIME LUMP SUM PAYMENT Do not stop any existing IWO unless you receive a termination order.**

**REMITTANCE INFORMATION:** If the employee/obligor's principal place of employment is __COLORADO__, you must
begin withholding no later than the first pay period that occurs ___14___ days after the date of ____04/12/2011_____.
Send payment within ___7___ working days of the pay date. If you cannot withhold the full amount of support for any or all
orders for this employee/obligor, withhold up to ___65___% of disposable income for all orders. If the employee/obligor's
principal place of employment is not __COLORADO__, see the ADDITIONAL INFORMATION FOR EMPLOYERS AND OTHER
INCOME WITHHOLDERS for limitations on withholding, applicable time requirements and any allowable employer's fees.

FIPS code (If necessary): _____

Signature (if required by State of Tribal law): _____
Print Name: _____ ANGELA MILLER
Title of Issuing Official: _____ Legal Technician/Paralegal

[X] If checked, you are required to provide a copy of this form to the employee/obligor. If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy must be provided to the employee/obligor even if the box is not checked.

## ADDITIONAL INFORMATION FOR EMPLOYERS AND OTHER INCOME WITHHOLDERS

State-specific information may be viewed on the OCSE Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts.htm

**Priority:** Withholding for support has priority over any other legal process under State law (or Tribal law if applicable) against the same income. If a Federal tax levy is in effect, please notify the contact person listed below.

**Combining Payments:** You may combine withheld amounts from more than one employee/obligor's income in a single payment to each agency/party requesting withholding. You must, however, separately identify the portion of the single payment that is attributable to each employee/obligor.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment with respect to the time periods within which you must implement the withholding and forward the support payments.

**Employee/Obligor with Multiple Support Withholdings:** If there is more than one Order/Notice against this employee/obligor and you are unable to fully honor all support Orders/Notices due to federal, State, or Tribal withholding limits, you must follow the State or Tribal law/procedure of the employee/obligor's principal place of employment. You must honor all Orders/Notices to the greatest extent possible, giving priority to current support before payment of any past-due support.

**Lump Sum Payments:** You may be required to report and withhold from lump sum payments such as bonuses, commissions, or severance pay. Contact the agency or person listed below to determine if you are required to withhold or if you have any questions about lump sum payments.

**Liability:** If you have any doubts about the validity of the Order/Notice, contact the agency or person listed below. If you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and any other penalties set by State or Tribal law/procedure.

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of a child support withholding.

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment. Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, that 50% limit is increased to 55% and that 60% limit is increased to 65% if the arrears are greater than 12 weeks. If permitted by the State, you may deduct a fee for administrative costs. The support amount and the fee may not exceed the limit indicated in this section.

CSE832A Document Tracking Identifier 1104116257
BREDE-COLORADO INC

IVD Enforcing Tech Number: 213418

OMB0970-0154 OMB Expiration Date - 10/31/2010. The OMB Expiration Date has no bearing on the termination date or validity of the income withholding order; it identifies the version of the form currently in use.

Employee/Obligor's Name: INGERSOLL, BRET D            Case Identifier: 21-204344-00-2A
Order Identifier: 08041101DR003776                   Employer's Name: BREDE-COLORADO INC

**Arrears greater than 12 weeks?** If the *Order Information* does not indicate whether the arrears are greater than 12 weeks, then the employer should calculate the CCPA limit using the lower percentage.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers who receive a State order, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State law, you may need to take into consideration the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Addtional Information:**
NOTICE: Pursuant to 14-14-111.5 (4) (n) C.R.S., a fraudulent submission of a Notice to Withhold Income for Support shall subject the person submitting the Notice to an employer, trustee, or other payor of funds to a fine or not less than one thousand dollars and court costs and attorney fees.

---

**NOTIFICATION OF TERMINATION OF EMPLOYMENT:** You must promptly notify the Child Support Enforcement agency and/or the person listed below by returning this form to the correspondence address if:

☐ This person has never worked for this employer.
☐ This person no longer works for this employer.

Please provide the following information for the terminated employee:

Termination date: _____          Last known phone number: _____

Last known home address: _____

_____

_____

Date final payment made to the State Disbursement Unit or Tribal CSE Agency: _____

Final payment amount: _____          New employer's name: _____

New employer's address: _____

_____

_____

---

**CONTACT INFORMATION**
**To employer:** If the employer/income withholder has any questions, contact ____ANGELA MILLER_____
_____ by phone at ___(719) 457-6331_____, by fax at __(719) 457-6340___, by email or website at:
____ANMILLER@YWCSS.COM_____

Send termination notice and other correspondence to:
EL PASO COUNTY CHILD SUPPORT ENFORCEMENT UNIT
30 EAST PIKES PK AVE, STE 203, COLORADO SPGS, CO 80903

**To employee/obligor:** If the employee/obligor has questions, contact _____ANGELA MILLER_____
_____ by phone at _____(719) 457-6331_____, by fax _____(719) 457-6340_____, by email or website at
____ANMILLER@YWCSS.COM_____

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor.

# CERTIFICATE OF DELIVERY

I certify that a true and correct copy of the foregoing ORIGINAL Income Withholding Order/Notice for Support was placed in the United States Mail/electronic transmission on 04/12/2011 to the following:

BREDE-COLORADO INC
5140 COLORADO BLVD
DENVER, CO 80216-3120

# INCOME WITHHOLDING FOR SUPPORT

160 26006 022042GESDN

[x] **ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)** [ ] **AMENDED** IV
[ ] **ONE-TIME ORDER/NOTICE - LUMP SUM PAYMENT**
[ ] **TERMINATION of IWO**

Date: _02/01/2011_

[x] Child Support Enforcement (CSE)Agency  [ ] Court  [ ] Attorney  [ ] Private Individual/Entity  (Check One)

**NOTE:** If you receive this document from someone other than a State or Tribal Child Support Enforcement agency or a court, a copy of the underlying order that contains a provision authorizing income withholding must be attached. Or if under State law an attorney in that State, or if under Tribal law a Tribal legal representative, may issue an income withholding order, the attorney or Tribal legal representative must include a copy of the State or Tribal law authorizing the attorney or Tribal legal representative to issue an income withholding order.

State/Tribe/Territory __COLORADO__          Case Identifier __21-204344-00-2A__
City/County/Dist./Tribe __EL PASO__          Order Identifier __08041101DR003776__
Private Individual/Entity _____

___GLOBAL EXPOSITION SPECIALISTS INC___   RE:   ___INGERSOLL, BRET D___
Employer/Income Withholder's Name              Employee/Obligor's Name (Last, First, MI)
___ATTN PAYROLL___                              ___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___
Employer/Income Withholder's Address           Employee/Obligor's Social Security Number (if known)
___950 GRIER DR___                              ___BROWN, BOBBIE L___
___LAS VEGAS, NV 89119-3701___                 Custodial Party/Obligee's Name (Last, First, MI)
___59-1008863___                                **POSTED**
Employer/Income Withholder's Federal EIN
                                               **FEB 15 2011**

Child's Name (Last, First, MI)          Child's Birth Date
___INGERSOLL, JOSIE___                   ___11/15/1996___

**ORDER INFORMATION:** This document is based on the support or withholding order from __COLORADO__.
You are required by law to deduct these amounts from the employee/obligor's income until further notice.

$____457.00____ Per ____Month____ current child support
$____91.00____ Per ____Month____ past-due child support - Arrears greater than 12 weeks? [x] yes [ ] no
$_____ Per _____ current cash medical support
$_____ Per _____ past-due cash medical support
$_____ Per _____ current spousal support
$_____ Per _____ past-due spousal support
$_____ Per _____ other (must specify)_____.
for a total of $____548.00____ per ____Month____ to be forwarded to the payee below.

**AMOUNTS TO WITHHOLD:** You do not have to vary your pay cycle to be in compliance with the *Order Information*. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$___126.46___ per weekly pay period          $___274.00___ per semimonthly pay period (twice a month)
$___252.92___ per biweekly pay period (every two weeks)   $___548.00___ per monthly pay period

$_____ **ONE-TIME LUMP SUM PAYMENT** Do not stop any existing IWO unless you receive a termination order.

**REMITTANCE INFORMATION:** If the employee/obligor's principal place of employment is __COLORADO__, you must begin withholding no later than the first pay period that occurs __14__ days after the date of __02/01/2011__.
Send payment within __7__ working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to __65__ % of disposable income for all orders. If the employee/obligor's principal place of employment is not __COLORADO__, see the ADDITIONAL INFORMATION FOR EMPLOYERS AND OTHER INCOME WITHHOLDERS for limitations on withholding, applicable time requirements and any allowable employer's fees.

CSE832A Document Tracking Identifier 1101315365                    IVD Enforcing Tech Number: 213409

For EFT/EDI instructions, contact the EFT/EDI office at the website listed below. **If paying by check, make check payable to:** FAMILY SUPPORT REGISTRY. Include this *Remittance Identifier* with payment: 04035275. **Send check to:** FAMILY SUPPORT REGISTRY, P.O. BOX 2171, DENVER, CO 80201-2171

FIPS code (If necessary):_____

Signature (if required by State of Tribal law):_____
Print Name:_____ROBIN BROWN
Title of Issuing Official:_____Legal Technician/Paralegal

[x] If checked, you are required to provide a copy of this form to the employee/obligor. If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy must be provided to the employee/obligor even if the box is not checked.

## ADDITIONAL INFORMATION FOR EMPLOYERS AND OTHER INCOME WITHHOLDERS

State-specific information may be viewed on the OCSE Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts.htm

**Priority:** Withholding for support has priority over any other legal process under State law (or Tribal law if applicable) against the same income. If a Federal tax levy is in effect, please notify the contact person listed below.

**Combining Payments:** You may combine withheld amounts from more than one employee/obligor's income in a single payment to each agency/party requesting withholding. You must, however, separately identify the portion of the single payment that is attributable to each employee/obligor.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment with respect to the time periods within which you must implement the withholding and forward the support payments.

**Employee/Obligor with Multiple Support Withholdings:** If there is more than one Order/Notice against this employee/obligor and you are unable to fully honor all support Orders/Notices due to federal, State, or Tribal withholding limits, you must follow the State or Tribal law/procedure of the employee/obligor's principal place of employment. You must honor all Orders/Notices to the greatest extent possible, giving priority to current support before payment of any past-due support.

**Lump Sum Payments:** You may be required to report and withhold from lump sum payments such as bonuses, commissions, or severance pay. Contact the agency or person listed below to determine if you are required to withhold or if you have any questions about lump sum payments.

**Liability:** If you have any doubts about the validity of the Order/Notice, contact the agency or person listed below. If you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and any other penalties set by State or Tribal law/procedure.

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of a child support withholding.

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment. Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, that 50% limit is increased to 55% and that 60% limit is increased to 65% if the arrears are greater than 12 weeks. If permitted by the State, you may deduct a fee for administrative costs. The support amount and the fee may not exceed the limit indicated in this section.

Employee/Obligor's Name: INGERSOLL, BRET D _____ Case Identifier: 21-204344-00-2A

Order Identifier: _____ 08041101DR003776 _____ Employer's Name: GLOBAL EXPOSITION SPECIALISTS INC

**Arrears greater than 12 weeks?** If the *Order Information* does not indicate whether the arrears are greater than 12 weeks, then the employer should calculate the CCPA limit using the lower percentage.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers who receive a State order, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State law, you may need to take into consideration the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Addtional Information:**
NOTICE: Pursuant to 14-14-111.5 (4) (n) C.R.S., a fraudulent submission of a Notice to Withhold Income for Support shall subject the person submitting the Notice to an employer, trustee, or other payor of funds to a fine or not less than one thousand dollars and court costs and attorney fees.

---

**NOTIFICATION OF TERMINATION OF EMPLOYMENT:** You must promptly notify the Child Support Enforcement agency and/or the person listed below by returning this form to the correspondence address if:

☐ This person has never worked for this employer.
☐ This person no longer works for this employer.

Please provide the following information for the terminated employee:

Termination date: _____ Last known phone number: _____

Last known home address: _____

_____

_____

Date final payment made to the State Disbursement Unit or Tribal CSE Agency: _____

Final payment amount: _____ New employer's name: _____

_____

New employer's address:

_____

_____

---

**CONTACT INFORMATION**

**To employer:** If the employer/income withholder has any questions, contact ___ROBIN BROWN_____

_____ by phone at __(719) 457-6331____, by fax at _____, by email or website at:

_____

Send termination notice and other correspondence to:

  EL PASO COUNTY CHILD SUPPORT ENFORCEMENT UNIT

  30 EAST PIKES PK AVE, STE 203, COLORADO SPGS, CO 80903

**To employee/obligor:** If the employee/obligor has questions, contact _____ROBIN BROWN_____

_____ by phone at _____(719) 457-6331____, by fax _____, by email or website at

_____

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor.