IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02779-BNB

BRET INGERSOLL,

    Plaintiff,

v.

EL PASO COUNTY CHILD SUPPORT ENFORCEMENT,
POLICY STUDIES INC. OF DENVER,
YOUNG WILLIAMS CSS INC.,
BOBBIE BROWN,
FAMILY SUPPORT REGISTRY,
EL PASO COUNTY DEPT. OF HUMAN SERVICES,
STATE OF COLORADO, DEPT. OF LABOR/UNEMPLOYMENT, and
STATE OF COLORADO, DEPT. OF REVENUE,

    Defendants.

ORDER OF DISMISSAL

    On October 25, 2011, Plaintiff Bret Ingersoll, a resident of Denver, Colorado, submitted a *pro se* civil complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Clerk of the Court opened a civil action. On November 2, 2011, Magistrate Judge Boyd N. Boland entered an order directing Mr. Ingersoll to cure certain deficiencies in this action. Specifically, Magistrate Judge Boland instructed Mr. Ingersoll to submit his claims on a proper, Court-approved form. Mr. Ingersoll complied with the November 2 Order on December 5, 2011, and Magistrate Judge Boland granted him leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe liberally the Complaint because Mr. Ingersoll is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Mr. Ingersoll asserts claims pursuant to 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, 1985, and 2000, and 18 U.S.C. §§ 241, 242, 1956, 1961, and 1957. Mr. Ingersoll appears to be challenging the validity of his child support payments ordered by the El Paso County District Court in Case No. 21-204344-00-2A. Mr. Ingersoll also asserts that over the past ten years the El Paso County Court has denied his right to companionship, care, custody, and management of his daughter and ordered his employers to garnish his wages, totaling $5937.23, in violation of the Constitution and 18 U.S.C. §§ 241 and 242.

Mr. Ingersoll further asserts that the El Paso County Child Support Enforcement Division has forged several court documents, which resulted in several employers withholding the full judgment from his salary and his actual monthly payment to be four times the court-ordered $457.00 monthly payment. Mr. Ingersoll also states that the child support enforcement division, the police, and the presiding judge conspired to suspend his drivers license, take his car, and misrepresent his income, resulting in his

inability to modify the monthly child support owed. As relief, Mr. Ingersoll asks the Court for money damages and visitation rights with his daughter.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the December 5 Complaint filed in this action and finds that the Court lacks subject matter jurisdiction. Mr. Ingersoll may not challenge his divorce decree or child support and custody orders in this Court. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that

the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Ingersoll appears to be challenging his state court divorce decree and child support order. Review of his claims would require the Court to review the state court judgment that dealt with the decree and ordered child support. Therefore, the Court finds that the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, the state court divorce action involves important state interests. The Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703.

The Court also notes that Mr. Ingersoll does not have a private cause of action under 18 U.S.C. §§ 241, 242, 1956, 1957, and 1961. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting that § 241 does not authorize a private cause of action). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). The assertion of jurisdiction under §§ 241, 242, 1956, 1957, and 1961, therefore, is legally frivolous.

Furthermore, Defendants Department of Labor/Unemployment and Department of Revenue are immune from suit. The State of Colorado and its agencies are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by

Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Nonetheless, the Court will dismiss the action for lack of subject matter jurisdiction.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this   13th   day of    December        , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court